## ANDERSON v. ANDERSON.
### No. 9977.

United States Court of Appeals
District of Columbia Circuit.
Submitted Dec. 6, 1948.
Decided Jan. 17, 1949.

Mr. Cornelius H. Doherty, of Washington, D. C., submitted on the brief for appellant.

No appearance for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

CLARK, Circuit Judge.

Appellant (the wife) who was plaintiff below, filed suit for annulment of her marriage to defendant appellee on the ground that she had never been legally married to him. The record showed that appellant had married one Ralph Faulkner in 1941. In January, 1945, acting on advice of counsel, as she testified (which testimony was not controverted), appellant procured what purported to be a divorce in Chihuahua, Republic of Mexico. Believing this Mexican divorce to be valid, she married appellee in February, 1945. In March, 1946, appellant was advised by her present counsel that the Mexican divorce was totally invalid. Since March 15, 1946, appellant and appellee have not lived together as man and wife. Appellee did not appear in court. An attorney appointed by the court to represent him made an affidavit that he had written appellee at his last known address and had been unable to elicit any response from him. Later the same attorney filed a "counter-claim" alleging substantially the same facts as those alleged by appellant and praying substantially the same relief, that is, that the marriage between appellant and appellee "be declared null and void." The trial court made findings of fact substantially in accordance with the foregoing statement and conclusions of law to the effect that appellant had failed to show good faith and was not entitled to an annulment and dismissing appellee's counterclaim for failure to appear personally.

We find nothing in the record to justify this action of the trial court. The testimony of appellant was uncontradicted. She testified that she had obtained the Mexican divorce on advice of counsel believing that it was legal and that she was acting in good faith. She testified further that she married appellee in good faith believing that she had been properly and legally divorced from her former husband, and that when advised by different counsel that the Mexican divorce was illegal, she had promptly ceased to live with appellee in the marital relationship.

That the Mexican divorce was totally null and void is palpable on the face of the record. Appellant was never a citizen or resident of Mexico, or even within its confines, at any time in her life. She remained at all times in the District of Columbia. There is no showing that her husband, Faulkner, was ever in Mexico or was ever served or had any notice of the Mexican proceeding. The Mexican court had no scintilla of jurisdiction.

In the absence of any showing to the contrary, the uncontroverted testimony of the appellant must be taken as conclusive proof of her good faith. If she was acting in good faith, the law would abhor a decree which would compel her unwillingly

to remain in a state of bigamy. She was and is entitled to her annulment.

Reversed and remanded with instructions to reinstate appellant's complaint and dispose of it in accordance with this opinion.